Argued and submitted November 2, affirmed December 14, 1994

Jean MELTON,
F. Robert Wilkie and C. P. Brown,
*Petitioners,*

*v.*

CITY OF COTTAGE GROVE
and Wal-Mart Stores, Inc.,
*Respondents.*

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT,
*Petitioner below,*

*v.*

CITY OF COTTAGE GROVE,
*Respondent below,*

*and*

WAL-MART STORES, INC.,
*Intervenor-Respondent below.*

(LUBA Nos. 94-055, 94-061; CA A85730)

887 P2d 359

Douglas M. DuPriest argued the cause for petitioners. With him on the brief was Hutchinson, Anderson, Cox & Coons, P.C.

Gary R. Ackley argued the cause and filed the brief for respondent City of Cottage Grove.

Allen L. Johnson argued the cause for respondent Wal-Mart Stores, Inc. With him on the brief was Johnson & Kloos.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's decision remanding the City of Cottage Grove's amendment of section 18.28.020(U) of its zoning ordinance, to add an "interstate-oriented major retail facility" as a permitted use in the city's commercial tourist zone. Petitioners oppose the amendment and, although LUBA remanded it, most of petitioners' arguments were rejected by LUBA. The apparent objective of the amendment was to allow respondent Wal-Mart Stores, Inc., to build a store in the zone, after LUBA had held that the city erred in an earlier decision where it had concluded that such facilities were permissible under the unamended version of the section. *Loud v. City of Cottage Grove*, 26 Or LUBA 153 (1993).

Petitioners advance five assignments of error, which fall into two general categories. The first two assignments assert that LUBA erred by sustaining various city interpretations of city legislation. Those assignments must fail under ORS 197.829(1)-(3) and the case law that interprets or was codified by that statute.

The remaining assignments challenge LUBA's rejection of petitioners' arguments that the amendment violates LCDC's Transportation Planning Rule, OAR chapter 660, Division 12, in various particulars. We conclude that petitioners fail to demonstrate reversible error. Petitioners assert in their third assignment that LUBA erred by not remanding for the city to apply OAR 660-12-060(1) and (2) to certain roads in addition to the one that did form the basis for LUBA's remand. We agree with petitioners that it was the city's burden, rather than theirs, to produce any necessary evidence and findings in connection with the challenged legislative action.[1] However, it was petitioners' responsibility to raise the points before LUBA that they now make to us in support of their present arguments that the city and LUBA erred. They failed to preserve those points sufficiently.

The fourth assignment takes issue with LUBA's conclusion that the city's determinations were sufficiently coordinated with other governmental bodies to satisfy OAR

---

[1] ORS 197.763, the so-called "raise-it-or-waive-it" provision, applies to quasi-judicial proceedings before local governments.

660-12-060(3). Considering the communication that did occur and the information concerning the Oregon Department of Transportation's concerns that the city had before it at the time that it made its decision, LUBA's conclusion that the city's decision was sufficiently coordinated with other governmental bodies was not error.

■ Finally, petitioners ascribe error to LUBA's "holding that the city's decision did not significantly affect a transportation facility under OAR 660-12-060(2) and that the city need not take any further action to comply with OAR 660-12-060(1)." Again, we agree with LUBA's conclusion and believe no further discussion is necessary.

Affirmed.